IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


RODNEY W. McCLANTON, SR.                                                        PLAINTIFF

v.                                    Civil No. 6:25-cv-06129-SOH-CDC

APRIL THOMPSON
(Parole Officer);
APRIL WILSON
(Parole Officer;
DOES
(Nurse, Crittendon County Jail, Provider, Omega Violation Center)
                                                                              DEFENDANTS


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, the case will automatically be reassigned to United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).  Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

## I.  BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on December 4, 2025. (ECF No. 2).  It was transferred to this District on December 8, 2025.  (ECF No. 4).  On December 17, 2025, the Court entered an Order directing Plaintiff to submit an Amended Complaint by January 7, 2026.  (ECF No. 8).  On January 12, 2026, Plaintiff submitted a Motion for Copies and a Motion for Extension of Time to file his Amended Complaint.  (ECF No. 10).  This Motion was granted the same day.  (ECF No. 11).  The Clerk was directed to send Plaintiff copies of all

1

documents in this case, and Plaintiff was given until February 2, 2026, to submit his Amended Complaint. (*Id.*). When Plaintiff failed to do so, the Court entered a Show Cause Order directing Plaintiff to show cause for his failure by February 24, 2026. (ECF No. 12). The initial Order to Submit an Amended Complaint and the Show Cause Order both advised Plaintiff that failure to submit the required documents by the deadline would result in the dismissal of his case. (ECF Nos. 8, 12). Neither Order was returned as undeliverable. To date, Plaintiff has failed to submit either his Amended Complaint or his Show Cause Response.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Plaintiff has failed to comply with two Court Orders.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 2) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of March 2026**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE